IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Jame O'Neal Foster, #273124, ) | |
| ) | Civil Action No. 8:06-3543-HFF-BHH |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Robert Stevenson, Warden, Broad ) | |
| River Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254. The respondents have filed a return and motion for summary judgment seeking dismissal of the petition.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

The petitioner, James O'Neal Foster, # 273124, is presently confined to the Broad River Correctional Institution of the South Carolina Department of Corrections. The petitioner was indicted on six counts of kidnaping (01-GS-42-421, 422, 424, 425, 426, 427), first degree burglary (01-GS-42-423), criminal domestic violence of a high and aggravated nature (01-GS-42-428), and resisting/assaulting a police officer (01-GS-42-441). Spartanburg County Public Defender Michael Bartosh, Esquire, represented the petitioner. The Honorable Donald W. Beatty sentenced him to imprisonment for 20 years for burglary,

10 years for kidnaping, 10 years consecutive for criminal domestic violence, and five years concurrent for resisting/assaulting a police officer.

The parties have not expressly described the facts of the underlying offenses. To the extent relevant, important details will be considered in the context of the Court's analysis.

## APPLICABLE LAW

### Liberal Construction of *Pro Se* Complaint

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the

2

movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding.

28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C.. § 2254(d); *Williams*

3

*v. Taylor*, 529 U.S. 362, 398 (2000) (plurality opinion). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

## DISCUSSION

In his sole ground for relief, the petitioner cites approximately ten claims for ineffective assistance of counsel.

> **GROUND ONE:** Ineffective Assistance of Trial Counsel - Counsel failed to meet with Applicant, conduct an Investigation, conduct pre-trial interviews with alibi witness. Counsel advised Applicant not to testify. Counsel failed to request jury charge on lesser offense, counsel failed to object to indictments. Counsel [sic] failure to make objections, move for direct verdict, curative instructions or mistrial.

The Court will address each in turn.

### I.    Testimony of Officer Nix

The petitioner first alleges that his counsel was ineffective for not objecting to the testimony of Officer Karen Nix. Nix offered testimony that a red substance on the floor at the scene of the incident was the petitioner's blood. The petitioner argues that Nix was prohibited under "Rule 6(a) South Carolina Law [sic]" from so testifying because she was not qualified to offer testimony concerning bodily fluids as an expert. (Pl. Mem. Opp. Summ. J. at 2.)

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him. Review of counsel's performance is "highly deferential." *Id.* at 689. In addition, competency is measured against what an objectively

4

reasonable attorney would have done under the circumstances.  *See id.* at 687-89. Counsel are afforded a strong presumption that their performance was within the broad range of professionally competent assistance.  *See id*. at 689.  Courts are reluctant to second guess the trial tactics of lawyers.  Where counsel articulates valid reasons for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel.  *See Daniels v. Lee*, 316 F.3d 477, 491 (4th Cir. 2003); *Stokes v. State*, 419 S.E.2d 778, 779 (S.C. 1992).

The PCR court did not make an unreasonable application of *Strickland* in concluding as follows:

> The Applicant's various allegations that Counsel's performance was ineffective are without merit. This Court does not find the Applicant's testimony to be credible on these issues. This Court does find Counsel's testimony credible and affords it great weight.
>
> In his PCR Application, the Applicant alleged that Counsel was ineffective for failing to object to Officer Nix's testimony because she testified that the blood in the picture belonged to the Applicant. At the PCR hearing, the Applicant testified that Counsel was ineffective for not objecting since Officer Nix was not qualified as an expert. Counsel testified that Officer Nix merely testified as to what she observed at the scene, which was proper. This Court agrees that the testimony was not objectionable. This Court finds that the record fully supports Counsel's testimony that Officer Nix testified that she saw the Applicant bleeding from his mouth, spitting blood, and trying to bite the police officers. Moreover, Officer Nix did not testify as an expert that the blood was the Applicant's.  Transcript, pp. 161 - 1.

(R. at 304-05.)  The PCR judge concluded that Nix was (1) not testifying as an expert but as a lay witness and (2) had sufficient personal knowledge to make the lay determination that it was blood on the floor (R. at 161-62). (See R. at 304-05.)  As Nix was present at the scene of the incident; observed the petitioner struggling with other officers; and saw blood coming from the petitioner's teeth and mouth the "whole time" (R. at 161-62), it was reasonable for the PCR judge to conclude that trial counsel was not deficient in failing to

5

object to the testimony. The PCR judge's application of *Strickland* was not unreasonable or otherwise contrary to federal law.

## II.     Chain of Custody of Evidence

Next, the petitioner contends that trial counsel was ineffective for failing to object to the admissibility of the photograph, testified to by Nix, because no chain of custody had been established. Without deciding, even if trial counsel was deficient in this regard, there is no evidence of prejudice whatsoever.

A showing of prejudice requires the petitioner to prove that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687; *see also Glover v. Miro*, 262 F.3d 268 (4th Cir. 2001). Absent narrow circumstances not present here, when prejudice may be presumed, *United States v. Cronic*, 466 U.S. 648 (1984), the petitioner must show actual prejudice under *Strickland*. *See Strickland*, 466 U.S. at 692. Actual prejudice requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The petitioner has not explained what was objectionable about the photograph. The petitioner has not attempted to explain or demonstrate the relevance of the photograph and how he perceived it to be damaging to his defense. He certainly has not produced any evidence to suggest that confidence in the outcome of his trial was undermined by its use. Numerous witnesses testified against the petitioner at trial concerning his alleged criminal conduct. The photograph does not seem to have held any particular significance in the jury's ability to convict him.

## III.    Exhibits Not Entered into Evidence

The petitioner also argues that his trial counsel was ineffective for failing to object to references to State Exhibits 10 (knife), 11(duct tape), and 12 (hammer), which were

present at his trial but never entered into evidence by the State. The petitioner asserts, without providing any specific reference, that there were 143 references to these items at trial and in the trial court's instructions to the jury. The PCR court found that notwithstanding various references to the hammer, knife, and duct tape, "the Applicant admitted that several witnesses testified at trial that he had all three of those items." (R. at 305.) The Court agrees with the PCR court that there is nothing objectionable about the trial court or the prosecution referring to the knife, duct tape, and hammer if those items had been, or were to be, testified to by witnesses even if the items themselves were not specifically entered into evidence.

The petitioner's reliance on *U.S. v. Small*, 74 F.3d 1276 (D.C. Cir. 1996) is inapposite. In *Small*, "*no evidence* was introduced at trial to support" certain statements made in the prosecution's opening and closing arguments. *Id*. at 1281 (emphasis added). In this case, however, witnesses had properly testified concerning the knife, duct tape, and hammer. (R. at 93, 305.) The failure to admit the items themselves, simply does not prohibit reference to the same. Accordingly, trial counsel was not in error for failing to object and the PCR court reasonably applied *Strickland*.

**IV.     First-Degree Burglary Jury Charge**

For the same reasons, the petitioner's contention that his trial counsel was ineffective for not objecting to the jury charge related to the first degree burglary count is also without merit. The charge stated that a defendant is guilty of burglary in the first degree if "when entering . . . the defendant . . . is either armed with a deadly weapon or explosive." (R. at 195.) The petitioner contends that the charge for burglary in the first degree was not supported by the evidence insofar as the alleged "deadly weapons," the knife and hammer, were never admitted into evidence. As stated, however, it was not necessary that those items be admitted as evidence. There was ample testimony concerning their presence at, and use during, the burglary. (See R. at  48, 62, 73, 81-88, 93-94, 97, 113-116, 136-138,

7

147-150, 153, 159-161.)  Trial counsel's performance, therefore, did not fall below the standard for professional competence prescribed by *Strickland* and the PCR court was not unreasonable in so concluding.

## V.     Lesser-Included Offense

The petitioner next contends that his trial counsel was ineffective for failing to request a charge on the lesser included offense of criminal domestic violence.  The petitioner was convicted of criminal domestic violence of a high and aggravated nature.   The PCR court found (1) that there was ample witness testimony that the petitioner held a knife to the victim's throat and (2) that trial counsel believed that the petitioner was not entitled to a charge on the lesser-included offense as a result.  (R. at 302-03.)

As discussed, there did exist numerous witness accounts that the petitioner held a knife to the victim's throat.  (See R. at  136-138, 159-161.)  The petitioner has not offered any evidence of record that would cast doubt on that fact.  The petitioner simply contends that trial counsel's decision to move for a directed verdict on the aggravated criminal domestic violence count is proof that the evidence of guilt was not overwhelming and that a lesser-included offense should have been charged.  First, the directed verdict on that count was unsuccessful.  Second, the trial court, in denying the directed verdict motion, relied expressly upon the fact that there was substantial and unrebutted evidence that the petitioner had held a knife to the victim's throat.  (R. at 170.)  Third, precisely because the directed verdict motion had been denied so summarily, trial counsel was likely affirmed in his own perception that there was no basis to request a lesser-included offense.  At the PCR hearing, trial counsel reiterated that there was simply no evidence to so request.  (R. at 281.)   To justify a request for a charge on a lesser-included offense there must be at least some "evidence from which it could be inferred the lesser, rather than the greater, offense was committed." *State v. Gourdine*, 472 S.E.2d 241, 242 (1996); *State v. Smith*,

446 S.E.2d 411, 413 (1994). The PCR court reasonably found that trial counsel had no basis to request such a charge.

## VI.     Burden of Proof

The petitioner next complains that trial counsel's alleged failures in regards to the lesser included offense, trial exhibits, and general preparedness had the effect of relieving the prosecution of its heavy burden of proof to demonstrate the petitioner's guilt beyond a reasonable doubt. As discussed in this Order, the Court rejects that trial counsel was ineffective in any of the ways alleged or that the PCR court was unreasonable in so finding. Accordingly, the petitioner's accusation fails.

## VII.    Trial Preparation

The petitioner also claims that trial counsel failed to conduct any pretrial investigation or to interview witnesses. The PCR court, however, found that trial counsel met with the petitioner four or five times, requested and reviewed all available discovery, and prepared the petitioner for trial. (R. at 300-01.) The PCR court also found that the petitioner had not provided his trial counsel with any alibi witnesses to pursue. *Id*. at 301.

The PCR court further concluded that the petitioner's representations concerning trial counsel were generally inconsistent and less credible than trial counsel's. *Id*. The petitioner originally claimed that trial counsel failed to meet with him but then testified that he had met with counsel three times. (R. at 256-57, 300-01.)  And, although he complained that trial counsel had failed to meet with alibi witnesses, he did not produce any at the PCR hearing. (R. at 276, 300-01.)

Finally, the PCR court found that the petitioner had failed to demonstrate that the outcome of the trial would have been different but for the alleged deficiencies in preparation. (R. at 301.)

The Court will not disturb the credibility assessment made by the PCR court as between the petitioner and his trial counsel. The PCR court certainly cited sound reasons for discounting the petitioner's testimony.

Further, the petitioner has not explained how the outcome of his trial might have been different had his attorney done more interviews. He does not allege that trial counsel was surprised by any testimony at trial or that there was impeachment evidence left unused or that there was any specific alibi to advance through an uncalled witness. As the PCR Court emphasized, the petitioner has not produced the identity of any alibi witness or the substance of any exculpatory testimony such witnesses might offer, either in the state court or here. The petitioner has simply failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## VIII. Comments Concerning the Petitioner's Right to Remain Silent

The petitioner next argues that his trial counsel failed to object to comments made by other witnesses concerning the petitioner's decision not to take the stand and testify on his own behalf. To that end, the petitioner highlights two outbursts by Tammy Nash. First, Nash stated, unsolicited, "Johnny Cochran. Jesus Christ. Jesus Christ." (R. at 128.) Second, Nash angrily stated, "What be [sic] important if he [the petitioner] would stand up and take responsibility for what the hell you done done [sic] to my family James." (R. at 134.) The petitioner argues that these statements prejudiced him before the jury insofar as they implied that he had something to hide, similar to O.J. Simpson, in refusing to take the stand.

The PCR court rejected that the statements were any comment on the petitioner's right to remain silent and, further, concluded that any prejudice caused by the comments was cured by the trial court's instruction that the petitioner's failure to testify could not be considered in their deliberations (R. at 193-94, 305-06.) This Court concurs entirely in

those conclusions.  Neither comment is really any accusation that the petitioner must be guilty for his refusal to take the stand.  Even if it were, the judge cured the remarks by instructing the jury not to treat the petitioner's failure to testify as any admission of guilt.

Moreover, trial counsel indicated that as a matter of strategy, he declined to object to the "Cochran" remarks because he felt as though such statements actually damaged her credibility before the jury. (R. at 284.)  Where counsel articulates valid reasons for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel.  *See Daniels v. Lee*, 316 F.3d 477, 491 (4th Cir. 2003); *Stokes v. State*, 419 S.E.2d 778, 779 (S.C. 1992).  The fact that the petitioner would have preferred a different strategy is of no moment.  "There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way."  *Strickland*, 466 U.S. at 689.  Trial counsel's decision did not fall below the *Strickland* standard and the PCR court was reasonable in so finding.

### IX.    Late Indictments

The petitioner further contends that his trial counsel failed to object to late indictments on 5 counts of kidnaping, one count of Criminal Domestic Violence of a High and Aggravated Nature, and one count of assaulting/resisting a police officer.  The petitioner alleges that the indictments were true billed on February 22, 2001, six months after the date of the original indictment, and 6 days before the trial in violation of S.C. R. Crim. P. 3(a). The petitioner argues that the timing of the indictments deprived the ability of his counsel to investigate the new charges in preparation for trial.

Rule 3(c) states:

> Within ninety (90) days after receipt of an arrest warrant from the Clerk of Court, the solicitor shall take action on the warrant by (1) preparing an indictment for presentment to the grand jury, which indictment shall be filed with the Clerk of Court, assigned a criminal case number, and presented to the Grand Jury; (2) formally dismissing the warrant, noting on the face of the warrant the action taken; or (3) making other affirmative

11

> disposition in writing and filing such action with the Clerk of Court.

S.C. R. Crim. P. 3(c). The PCR court found that the 90-day requirement of Rule 3 was administrative and not jurisdictional and, therefore, trial counsel had no objection to make. (R. at 303-04 (citing *State v. Culbreath*, 316 S.E.2d 681 (1984).) The PCR court also determined that the indictments were properly true billed. The petitioner has not offered any legal basis for this Court to find to the contrary.

Finally, trial counsel stated that he reviewed all the indictments with the petitioner. (R. at 281.) The petitioner has not produced any evidence suggesting that the indictments were not properly true billed or that counsel failed to review the indictments with him. Nor has the petitioner explained in what ways his trial counsel was unprepared to defend the petitioner against these counts.

The Court has reviewed *Culbreath* and finds the PCR court's treatment of it not unreasonable. Because the PCR Court found that there was no legal basis to contest the indictments, trial counsel's performance could not have been deficient for failing to make any objection to the indictment. The Court cannot conclude that the PCR court's treatment was an unreasonable application of *Strickland*.

## X.     Right to Testify

Finally, the petitioner complains that his trial counsel was ineffective in advising him not to testify. More specifically, the petitioner argues that his trial counsel was concerned about the likelihood that the petitioner's prior record would come into evidence and that the petitioner would not do well under cross-examination. The petitioner argues, however, that his trial counsel was ineffective insofar as he did not request a hearing to determine the admissibility of his prior record.

Trial counsel advised the petitioner that the decision to testify was the petitioner's alone. (R. at 280.) Trial counsel discussed the disadvantages of testifying with the

petitioner, including the possibility that his prior record might come into evidence. (R. at 280, 288-89.) Moreover, the trial court, itself, questioned the petitioner concerning his right to testify and the petitioner declined. (R. at 280.)

The PCR court found trial counsel to be credible concerning these representations. The petitioner does not contest them. Instead, he simply complains that trial counsel should have requested a ruling concerning the petitioner's prior record. The PCR court considered this allegation and rejected it for all of the reasons recited. In addition, trial counsel stated that there was no reason to pursue such a hearing because the petitioner had already elected not to testify. (R. at 288-89.)

Furthermore, the petitioner has made no effort to explain how his testimony would have altered the outcome of the trial. He has not suggested what his alibi would have been or how his version of the story would have differed from that of the many witnesses against him.

The PCR court's application of *Strickland* was not unreasonable.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment be GRANTED.

s/Bruce H. Hendricks
United States Magistrate Judge

November 9, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).